UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                    )
LUIS IVAN POBLETE,                  )
                                    )
    **Plaintiff,**                   )
                                    )
    v.                              )    Case No. 17-cv-02555 (APM)
                                    )
RESIDENTIAL CREDIT                  )
OPPORTUNITIES TRUST,                )
                                    )
    **Defendant.**                   )
_____)

# MEMORANDUM OPINION

Plaintiff Luis Ivan Poblete, proceeding pro se, has submitted a Complaint and TRO Petition in Equity for Emergency Injunctive Relief, ECF No. 1 ("Complaint"), and a Motion for Temporary Restraining Order, ECF No. 2 ("TRO Motion"). For the reasons stated below, the court denies Plaintiff's TRO Motion and dismisses this action for lack of subject-matter jurisdiction.

Plaintiff brings this action against Defendant Residential Credit Opportunities Trust, seeking a Temporary Restraining Order against a "lower court's order." *See* Compl., Prayer for Relief. Based on Plaintiff's attached Exhibits and the court's own research, it appears that real property located at 4130 16th Street NW, Washington, D.C. 20011, was foreclosed upon by Defendant in December 2016, *see generally Residential Credit Opportunities Trust v. Poblete*, 245 F. Supp. 3d 91, 94–95 (D.D.C. 2017), and Defendant was awarded a non-redeemable judgment of possession of the property (against Poblete) by the Superior Court of the District of Columbia in July 2017, Compl., Ex. 1. According to the Complaint, Poblete currently resides on this property. Compl. ¶ 1. As far as the court can surmise, Plaintiff allegedly found a Subrogee to agree to tender $2.2 million to Defendant on his behalf to redeem the property, and on November 17, 2017, said

Subrogee mailed a notice and demand to the U.S. Department of Treasury "for acquittance and discharge of the Mortgage obligation of [$2.2 million] with [Defendant] for the property" at issue. TRO Mot. at 1–2. Then, on November 22, 2017, the D.C. Superior Court issued a "Writ of Restitution," which "dishonor[ed] Subrogee's Private Bill of Exchange thereby denying equitable redemption on behalf of Plaintiff." Compl. ¶ 10. This appears to be the order that Poblete asks this court to "stay" in his TRO Motion. Poblete presumably seeks a stay because, as he claims, "[t]he obligation was tendered" by the U.S. Department of Treasury on November 24, 2017. TRO Mot. at 2.

Both Plaintiff's Complaint and TRO Motion impermissibly invite this court to review the decisions of a state court judge and effectively undo the D.C. Superior Court's final judgment denying equitable redemption to Plaintiff. Claims for such relief are barred under the *Rooker-Feldman* doctrine. Under that doctrine, "'a party losing in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights.'" *Liebman v. Deutsche Bank Nat'l Trust Co.*, 15 F. Supp. 3d 49, 55–56 (D.D.C. 2014) (quoting *Johnson v. De Grandy*, 512 U.S. 997, 1005–06 (1994)); *accord McDermott v. BB&T Bank Corp.*, 227 F. Supp. 3d 34, 35–36 (D.D.C. 2017); *see also Gray v. Poole*, 275 F.3d 1113, 1119 (D.C. Cir. 2002) ("The *Rooker-Feldman* doctrine prevents lower federal courts from hearing cases that amount to the functional equivalent of an appeal from a state court. Because 28 U.S.C. § 1257 requires that appeals from state courts go exclusively to the Supreme Court, the *Rooker-Feldman* doctrine ensures that the Supreme Court's appellate jurisdiction is exclusive." (internal citations omitted)). Applying the *Rooker-Feldman* doctrine here, this court finds that it lacks subject-matter jurisdiction to hear Plaintiff's claims, which form the basis of his

2

Complaint and TRO Motion, and therefore dismisses the Complaint and TRO sua sponte. *See* Fed. R. Civ. P. 12(h)(3); *cf. Evans v. Suter*, No. 09-5242, 2010 WL 1632902, at *1 (D.C. Cir. 2010) (per curiam) ("[A] district court may dismiss a complaint sua sponte prior to service on the defendants pursuant to Fed. R. Civ. P. 12(h)(3) when, as here, it is evident that the court lacks subject-matter jurisdiction.").

The court also finds that there is a separate ground for denying Poblete's motion: Poblete has failed to comply with the pre-filing injunction entered by Chief Judge Howell in February 2017. *See* Order, *US Bank Nat'l Assoc. v. Poblete*, No. 15-cv-312-BAH (D.D.C. Feb. 14, 2017), ECF No. 51. Pursuant to that Order,

> Poblete and any persons or and any persons or entities acting at his behest . . . are enjoined from any subsequent filing in any federal court or District of Columbia Superior Court without first obtaining leave from this Court, which leave shall be sought by filing a motion captioned "Application Pursuant to Court Order Seeking Leave to File" that attaches a copy of the proposed filing and [this] Order and certifies, under penalty of perjury, that the claims raised are new claims never before raised or disposed of by any federal court and are not frivolous or made in bad faith.

*Id.* at 1.

In filing today's Motion, Poblete neglected to seek leave of this court, to certify the substance of the claims raised therein, and to bring this Order and pre-filing injunction to the court's attention. In sum, Poblete has failed wholly to comply with the terms of the pre-filing injunction entered against him. The court therefore denies Poblete's Motion and dismisses this action on this additional ground. Furthermore, the Clerk's Office is hereby directed to ensure that any future filings by Plaintiff comply with the pre-filing injunction, as described in the Order attached as an appendix to this Memorandum Opinion.

Thus, for the foregoing reasons, the court denies Plaintiff's TRO Motion and dismisses this action. An Order consistent with this Memorandum Opinion is issued separately.

Date: November 29, 2017

Amit P. Mehta
United States District Judge